UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE, and
PAUL O'BRIEN, as TRUSTEES,

06 CV_____

**COMPLAINT**



                                        Plaintiffs,

       -against-

ELITE CONSTRUCTION OF STATEN ISLAND INC.,

                                        Defendant.
------------------------------------------------------------------X

       Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their

Complaint allege as follows:

## NATURE OF THE CASE

       1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Elite Construction of Staten Island Inc. ("Employer").

## JURISDICTION

       2.      This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant Elite Construction of Staten Island Inc. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 30A Grille Court, Staten Island, NY 10309.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant, Elite Construction of Staten Island Inc., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated October 27, 2006 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that Elite Construction of Staten Island Inc. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of April 1, 2005 through June 30, 2006 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14. The arbitrator also found that Elite Construction of Staten Island Inc. was required

to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15. The defendant, Elite Construction of Staten Island Inc. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs ordering Elite Construction of Staten Island Inc. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period April 1, 2005 through June 30, 2006.

3. For entry of judgment in favor of the Benefit Funds and against Elite Construction of Staten Island, Inc. ordering Elite Construction of Staten Island Inc. to pay the Benefit Funds a total sum of $2,350.00 pursuant to the arbitrator's award.

4. For attorneys' fees and costs of this action;

5. For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        January 11, 2007

_____
JASON FURMAN (JF 6323)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

**OFFICE OF THE IMPARTIAL ARBITRATOR**
----------------------------------------X
In The Matter Of The Arbitration

    between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,        **OPINION**
New York City District Council of Carpenters
Annuity Fund, New York City District Council           **AND**
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,            **DEFAULT AWARD**
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, as Trustees
                      (Funds)

    -and-

Elite Construction of Staten Island
                    (Employer)
----------------------------------------X
BEFORE:  Robert Herzog, Esq.


     The Association of Wall, Ceiling and Carprentry Industries of New York, Incorporated (hereinafter referred to as the "Association"), and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, are parties to a Collective Bargaining Agreement, dated July 01, 2001.  At the time of the execution of the Collective Bargaining Agreement, Elite Construction of Staten Island (hereinafter referred to as the "Employer") was a member firm of the

1

Association, appears on the Association's roster of members, and is bound to the terms of the Collective Bargaining Agreement.

The Collective Bargaining Agreement provides for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the agreement, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Funds, as beneficiary of the Collective Bargaining Agreement, have standing before the Arbitrator. In accordance therewith, the Funds, by an October 4, 2006 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of April 1, 2005 through June 30, 2006 to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing dated October 12, 2006 advised the Employer and the Funds that the arbitration hearing was scheduled for October 25, 2006.

The Notice of Hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. United States Postal Service records indicate that notices of certified mail were left with the Employer on October 16, 2006 at 2:30 pm and again at 4:39 pm. The Employer failed to heed the notice. The Employer is deemed to have received the Notice of Hearing based on

the delivery of the regular mail copy and the notices of certified mail having been left for the Employer.

On October 25, 2006, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds.  Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made.  Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreement, was presented.  The arbitration proceeded as a Default Hearing.  Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses.  The Funds thereupon presented their proofs to the Arbitrator.


The uncontroverted testimony and evidence established that:
- During the April 1, 2005 to June 30, 2006 period, the Employer was bound to the July 1, 2001 Collective Bargaining Agreement with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreement obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.
- The Collective Bargaining Agreement authorized the Funds to conduct an audit of the Employer's books and records in order to

3

verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records. In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

### AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. Elite Construction of Staten Island is in violation of the terms of the Collective Bargaining Agreement;
2. Elite Construction of Staten Island is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of April 1, 2005 through June 30, 2006 to determine whether it is in compliance with its obligations to contribute to the Funds;
3. Elite Construction of Staten Island shall pay to the Funds forthwith the Funds' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

```
Court Costs              $   350.00
Attorney's Fee             1,500.00
Arbitrator's Fee             500.00

          TOTAL          $ 2,350.00
```

4. Elite Construction of Staten Island shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

Dated: October 27, 2006

_____
Robert Herzog
Arbitrator

State of New York )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

Dated: October 27, 2006

_____
Robert Herzog
Arbitrator

To: Elite Construction of Staten Island
    Attn: Mr. Philip Castro Giovani, President
    30A Grille Court
    Staten Island, New York 10309

    Steven Kasarda, Esq.
    New York City District Council Carpenters Benefit Funds
    395 Hudson Street
    New York, New York 10014

5